IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   CRIMINAL NO. JKB-25-0176 |
| JACK AMADEUS LASOTA, | * |
|   A/K/A "ANDREA PHELPS," | * |
|   A/K/A "ANN GRIMES," | * |
|   A/K/A "ANNE GRIMES," | * |
|   A/K/A "CANARIS," | * |
|   A/K/A "JULIA LASOTA," AND | * |
|   A/K/A "ZIZ," | * |
| | * |
|   Defendant. | * |

******

**GOVERNMENT'S CONSENT MOTION FOR PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

The United States of America, by and through undersigned counsel, and with the consent of counsel for the Defendant, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of materials disclosed related to confidential information. A proposed Protective Order is attached. In support of this motion, the Government states as follows:

1. On June 18, 2025, defendant Jack Amadeus LaSota was charged by indictment with possession of firearms and ammunition by a fugitive from justice in violation of 18 U.S.C. § 922(g)(2). ECF No. 1 (Indictment).

2. The Government anticipates producing to counsel for the Defendant materials containing Personally Identifiable Information ("PII") regarding individuals involved in this case, as well as other confidential information.

3. To balance the Government's desire to make fulsome disclosures to Defense counsel in this case with the individuals' privacy interests as well as the Government's legitimate interest in confidentiality for certain material, the Government is seeking a protective order.

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Government hereby moves, pursuant to Rule 16(d)(1), for a Protective Order restricting the copying, access, and use of the confidential records to those purposes specified in the proposed Protective Order, including that the confidential records be security maintained, used only for purposes of this case, and will not be disclosed to third parties outside of the Defense. Further, Defense counsel may review the confidential records with the Defendant, but shall not provide the Defendant with the original or copies of the confidential records, permit the Defendant to make copies of the confidential records, or allow the Defendant to have unsupervised access to the confidential records. Defense agrees that upon conclusion of all stages of this case, including any proceedings related to 28 U.S.C. § 2255, the confidential records will remain protected and secure without dissemination to outside parties.

5. Nothing in this order, either by its submission or by Defense counsel's agreement to it, constitutes an admission by either party as to the admissibility of such records. Due to the sensitive personal and confidential nature of the information that is being produced, the Government also requests that no member of the Defense shall make any public disclosure of the confidential records received from the Government pursuant to this Protective Order other than in a sealed or redacted court filing, such as a sealed *Motion in Limine*, or during a hearing, trial, or sentencing without the permission of the Court.

6.      Any inconvenience caused by the restrictions in the Protective Order is outweighed by the risks presented by the free dissemination of the confidential personal records. Placing restrictions on the copying and dissemination of the confidential personal records appropriately balances the Defendants' interest in access to information related to the background of the Government's witnesses with the privacy interests associated with the records.

WHEREFORE, the Government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the Government's Motion for a Protective Order as specified above and enter the proposed Protective Order, attached hereto.

Respectfully submitted,

 /s/
Jared M. Beim
Assistant United States Attorney