IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JACK AMADEUS LASOTA,<br>    a/k/a "Andrea Phelps,"<br>    a/k/a "Ann Grimes,"<br>    a/k/a "Anne Grimes,"<br>    a/k/a "Canaris,"<br>    a/k/a "Julia Lasota," and<br>    a/k/a "Ziz,"<br><br>    Defendant. | CRIMINAL No. JKB-25-CR-176 |

**Consent Motion To Exclude Time
Pursuant To The Speedy Trial Act**

The United States of America respectfully submits this Motion to Exclude Time pursuant to the Speedy Trial Act and moves to exclude time from the speedy trial calculation pursuant to Title 18 U.S.C. § 3161(h) until December 17, 2025.

1.  On June 18, 2025, a federal grand jury charged Jack Amadeus LaSota ("LaSota") with possession of firearms and ammunition as a fugitive from justice. ECF 1. (Indictment).

2.  LaSota is currently in pretrial state custody pending a trial in Allegany County, Maryland. LaSota's state trial was originally set for August 13, 2025 but was delayed until December 1, 2025. That trial has been further delayed to February 2026.

3.  On November 24, 2025, subject to a writ, the Defendant had an initial appearance and arraignment. ECF No. 13 (Initial Appearance). The Defendant was detained by agreement. ECF No. 14. At this hearing, Defense counsel stated that the Defendant is seeking a speedy trial.

4.  On November 25, 2025, the Government produced its initial discovery production, which constitutes the vast majority of discovery in this case.

5.     The Court set a status conference for December 17, 2025 at 10:00 AM.

6.     Accordingly, tolling speedy trial time from **December 2, 2025** through the status conference of **December 17, 2025** would serve the ends of justice by providing defense counsel time to review discovery and to allow the parties to prepare for trial.

7.     18 U.S.C. § 3161(h)(7)(A) provides support for the sought exclusion of time. It specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

8.     Courts have held that continuances to permit additional time for trial and other preparations are proper under § 3161(h)(7)—the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g.*, *United States v. Smart*, 91 F.4th 214, 222 (4th Cir.), *cert. denied,* 144 S. Ct. 2671 (2024) (holding that the district court properly balanced the § 3161(h)(7) factors in granting a continuance to allow the new "counsel's obvious need to prepare for trial in a case of some complexity"); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . a case is particularly complex[,] . . . counsel needed additional time for effective preparation[,] . . . [or] the government and the defendant are engaged in ongoing plea negotiations.") (citations omitted).

9.     Here, the Government asks that the period from **December 2, 2025** through the status conference of **December 17, 2025** be excluded from computation under the Speedy Trial Act. The exclusion serves the ends of justice and outweighs the interests of the public and the

defendant in a speedy trial.

    10.    Counsel for Defendant consents to the requested exclusion of time.

    11.    A proposed Order for the Court's consideration is attached.

    Respectfully submitted,

    Kelly O. Hayes
    United States Attorney

By:    _____/s/_____
    Jared M. Beim
    Assistant United States Attorney
    36 S. Charles Street, Fourth Floor
    Baltimore, MD 21201
    (410) 209-4985