IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No.: JKB-25-176 |
| ZIZ LASOTA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

Ziz LaSota, through counsel, moves the Court to dismiss Count Four of the indictment because his prosecution under that count violates her Second Amendment right to keep and bear arms. The fugitive-in-possession statute, 18 U.S.C. § 922(g)(2), is unconstitutional on its face and unconstitutional as applied to Ms. LaSota. *See New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 597 U.S. 1 (2022); *United States v. Rahimi*, 602 U.S. 680 (2024).

**RELEVANT FACTS**

During the afternoon of February 16, 2025, officers with the Maryland State Police, Allegany County Sheriff's Office and the Department of Natural Resources Police responded to a scene off of Coon Club Road in Frostburg, Maryland – allegedly for a report of trespassing. Despite the fact that the only crime being alleged was trespassing, over 5 vehicles with officers reported to the scene. Upon their arrival, officers saw two box trucks. Officers detained an individual sitting in a White Ford 550XL Box Truck with Maryland tags. Then officers, acting without a warrant approached the second box truck, a 2001 GMC model and lifted the back hatch, where Ms. LaSota and another individual were seated. Ms. LaSota and the other individual were ordered out of the truck and advised of a trespassing complaint.

Following the officers warrantless opening of the box truck and following the removal of Ms. LaSota and the other individual from the box truck, officers continued looking through the

1

box truck without a warrant. Officers observed a long rifle in the back of the GMC box truck, and a handgun in the front seat of the Ford Box Truck. Ms. LaSota and the other two individuals declined to identify themselves. Ms. LaSota was arrested by officers and charged with trespassing on private property, having a handgun in the vehicle, and obstructing and hindering.

On June 18, 2025, the government indicted Ms. LaSota with possession of firearms and ammunition by a fugitive from justice (Count One). ECF No. 1. On November 11, 2025, counsel for Ms. LaSota filed a Motion for Speedy Trial, requesting that Ms. LaSota be brought to federal court to face the charges against her. ECF No. 6. On November 24, 2025, Ms. LaSota appeared for her initial appearance and entered a plea of not guilty. ECF No. 13. A jury trial is scheduled for May 4, 2026.

## ARGUMENT

In 2022, the Supreme Court issued its opinion in *New York State Rifle & Pistole Associate, Inc., et al v. Bruen*, 597 U.S. 1 (2022). That decision established a two-step analysis for Second Amendment challenges grounded only in constitutional "text and history." *Id.* at 22. *Bruen* instructs that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct," and the government may rebut the presumption of unconstitutionality only by showing that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17.

### I.   The Statute is Facially Unconstitutional

Criminalizing firearm possession pursuant to 18 U.S.C. § 922(g)(2) is unconstitutional under *Bruen*'s "text and history" standard. *Bruen*, 597 U.S. at 38–39. At *Bruen*'s first step, the Second Amendment's "plain text" entitles "the people" to the right to keep and bear arms, and nothing in that text or the Supreme Court's cases suggests that fugitives are not among "the

2

people." Ms. LaSota, and others similarly situated, are part of "the people" who have the right to keep and bear arms like the rifle and handgun she is charged with possessing.

At *Bruen*'s second step, the government cannot rebut the presumption that § 922(g)(2) is unconstitutional. The United States' "historical tradition of firearm regulation" shows that fugitive-disarmament laws did not appear until the 20th century – well after the period *Bruen* deems relevant. *Id.* at 17. And the government cannot discharge its burden by likening § 922(g)(2) to laws that disarmed supposedly "dangerous" or "unvirtuous" groups. Those categories are far too broad under a proper *Bruen* analysis, as confirmed by the Supreme Court in *Rahimi*. *See* 602 U.S. at 701–02 (rejecting argument that the defendant could be disarmed "simply because he is not 'responsible'"). Rather, *Bruen* and *Rahimi* require that if a modern regulation such as § 922(g)(2) burdens a United States' citizen's constitutional right to arm themselves in self-defense, the government must prove a history and tradition of regulating conduct that is distinctly similar to the modern regulation. *Bruen*, 597 U.S. at 29. The government cannot satisfy this burden because it can point to no historical regulation or statutes that are distinctly similar to § 922(g)(2).

## II.     As-Applied Challenge

Applying the foregoing analyses to the facts of this case, § 922(g)(2) is also unconstitutional as applied to Ms. LaSota. Ms. LaSota is a lifelong citizen of the United States. She is thus one of "the people" that the Second Amendment demands must be allowed to keep and bear arms. The plain text of the Second Amendment presumptively protects her alleged conduct in possessing the firearms in this case, a rifle and a handgun of the kind that the Supreme Court has acknowledged "to be the quintessential self-defense weapon." *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008).

The charges for which Ms. LaSota might be considered a "fugitive" are non-violent offenses, comprised largely of misdemeanors. No historical tradition supports disarming someone for nonviolent crimes. *See* Brief of the National Rifle Association of American and Firearms Policy Coalition as *Amici Curiae* in Support of Defendant-Appellant, *United States v. Duartei,* No. 22-50048 (9th Cir. Sept. 24, 2024), *available at* https://shared.nrapvf.org/sharedmedia/1511961/nra-amicus-us-v-duarte.pdf, at 8–39. In brief, colonial-era restrictions targeted groups perceived as dangerous; founding-era restrictions targeted enemies of the government perceived as dangerous; and Nineteenth-century restrictions similarly targeted persons of unsound mind, intoxicated persons, rebels, and those likely to endanger the public. *Id.* All of these were meant to target individuals who were violent. A fugitive from justice for a nonviolent crime do not support disarmament by the government.

The charges for which Ms. LaSota is allegedly a "fugitive" are obstruction of the administration of law and disorderly conduct. Pennsylvania State Police were executing a warrant in a hotel room that they did not know Ms. LaSota was in. Upon police forcibly entering her hotel room, police found Ms. LaSota and a male individual in the bathroom and ordered them to come out of the bathroom. The male individual was forcibly removed from the bathroom. Ms. LaSota did not move – she did nothing. She kept her eyes clothes, would not speak, and laid as if she were unconscious. Ms. LaSota was subsequently carried out of the hotel room by officers. She was charged with obstructing the administration of law in violation of 18 Pa.C.S. § 5101 – a misdemeanor and disorderly conduct in violation of 18 Pa.C.S. § 5503(a)(4). 18 Pa.C.S. § 5101 states:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by

4

a person charged with a crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S. § 5503(a)(4) states that:

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: … (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S. § 5503 (c) defines "public" as "affecting or likely to affect persons in a place to which the public of a substantial ground has access." Ms. LaSota maintains her innocence as to those charges. The charges do not involve any use of violence. Those charges were filed more than two (2) years ago. Despite the fact that Pennsylvania has known were Ms. LaSota is for more than a year, they have done nothing to adjudicate those charges, thereby underscoring the minor nature of the underlying events. Playing dead is not and cannot be sufficient to vitiate constitutional guarantees enshrined in the Bill of Rights.

The indictment fails to specify the basis under which Ms. LaSota was believed to be a fugitive. ECF 1 at 1. Thus, the Government may also claim that Ms. LaSota was a fugitive because of a charge in California. More than six (6) years ago Ms. LaSota was arrested while exercising her First Amendment rights picketing at an event. No one was hurt, other than Ms. LaSota. When Ms. LaSota was released from detention in Pennsylvania, California was given the opportunity to come retrieve Ms. LaSota to California for prosecution. They declined to do so. California has done nothing to prosecute these charges during the year of Ms. LaSota's incarceration. They have not sought to extradite her nor filed a detainer, despite having all the time in the world to do so.

Because the government cannot show that § 922(g)(2) as applied to Ms. LaSota is "consistent with the Nation's historical tradition of firearm regulation," *Bruen*, 597 U.S. at 24, the Court should dismiss Count One.

## CONCLUSION

The Court should dismiss Count One of the Indictment in this case because Ms. LaSota's prosecution under that count violates her Second Amendment right to keep and bear arms.

Respectfully submitted,

/s/
Gary E. Proctor (Bar No. 27936)

/s/
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com
jennsmith0890@gmail.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2026, a copy of this motion was electronically filed with the Clerk of the Court and was served on all parties using CM/ECF system.

/s/
GARY E. PROCTOR