IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   Crim. No.: JKB-25-176 |
| ZIZ LASOTA | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS ALL EVIDENCE OBTAINED AS A RESULT OF THE
ILLEGAL STOP, SEIZURE, AND SEARCH ON FEBRUARY 16, 2025**

NOW COMES the Defendant, Ziz LaSota, by and through undersigned counsel, and respectfully moves to suppress all evidence obtained as the result of a stop, seizure, and search of the Defendant on February 16, 2025 by Trooper Jeffries and other officers of the Maryland State Police (MSP), Maryland Department of Natural Resources (DNR), and Allegany County Sheriff's Office (ACSO). Further, the Defendant moves this Court to suppress all evidence seized from the GMC box truck and the Ford 550XL box truck, which were also illegally seized following Ms. LaSota's detention. In the interest of judicial economy, counsel for Ms. LaSota requests the right to supplement this motion with testimony related to this search and seizure which is currently being litigated in the Circuit Court for Allegany County. In support of this Motion, Defendant states:

**RELEVANT FACTS**

On February 16, 2025, Ms. LaSota and two others, Daniel Blank and Michelle Zajko, were in two box trucks parked on an unpaved road off of Coon Club Road, in the vicinity of Piney Mountain Road in Allegany County, Maryland. Two of the three individuals were previously confronted by James Broadwater, who claimed to own the property on which LaSota, Blank, and Zajko had parked their trucks. LaSota and her friends believed that the land on which they were parked was public property. Electronic evidence seized buttresses this claim, Ms.

LaSota and her friends had looked at maps of the locale which evinced that the area in which they had parked was public land. James Broadwater told them they were incorrect and that he owned the land. LaSota, Blank and Zajko offered to lease the property for camping. Mr. Broadwater rejected their request to lease the property, but said that they could stay the night and leave tomorrow.

James Broadwater then called the police and told them that he encountered one male and one female on his land dressed in black clothing with box trucks. In the phone calls with police, he reiterated that he told the individuals he encountered that they could remain on the land until the next day, but that he did not feel comfortable with them being there.

Later that day, numerous officers from MSP, DNR, and ACSO, heavily armed with what appeared to be assault weapons. It is axiomatic that multiple law enforcement agencies do not respond - - during a snowstorm no less - -to a trespassing complaint with SWAT teams, guns drawn. Officers approached LaSota, Blank, and Zajko in their vehicles using military tactics, illegally opened the rear cargo door, and the front passenger door of the GMC Box truck and ordered Zajko and LaSota out of the truck at gun point. Officers similarly ordered Blank out of the white Ford 550XL box truck at gun point.

Initially, officers told LaSota and the others that they were informed by the landowner that he wanted them off of his land. At the outset Trooper Jefferies told LaSota that she was free to leave. However, she was then told that she could not leave until she had provided them with some form of identification. As she was not being arrested, was not driving, and had not committed a crime, Ms. LaSota declined to provide them with identification. The road to exit the location was being blocked by multiple law enforcement vehicles, and as such, there was no way to leave the vacant land.

Without obtaining a warrant for the vehicles, officers began searching the White GMC Box truck and the Ford 550XL box trucks. During the search of the box truck, officers allegedly located a long rifle in the back of the GMC box truck and a handgun in the front passenger seat of the Ford 550XL box truck. Ms. LaSota, Michelle Zajko, and Daniel Blank were then placed under arrest for trespassing and gun charges. The box trucks were transferred into the custody of the Federal Bureau of Investigations, who later obtained a warrant for the search of the vehicles.

**2.     Ms. LaSota and her friends were illegally seized by police.**

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const, amend. IV. An individual is "seized" within the meaning of the Fourth Amendment when in view of the totality of the circumstances, a reasonable person would not feel free to leave or otherwise terminate the encounter with police. *United States v. Lattimore*, 87 F.3d 647, 653 (4th Cir. 1996). The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search and seizure. *Murray v. United States*, 487 U.S. 533, 536 (1988).

Officers approached Ms. LaSota claiming that she was trespassing in violation of Md. Code Ann., Crim. Law § 6-403 – which prohibits entering onto private property "after having been notified by the owner or the owner's agent not to do so, unless entering or crossing under a good faith claim of right or ownership," or remaining on that property after "being notified by the owner or the owner's agent not to do so." Here, officers had reason to know that Ms. LaSota and her friends were not trespassing. James Broadwater informed the officers that he had given them permission to stay on the land until the following morning. If he revoked that permission in a later conversation with officers, Ms. LaSota and her friends were not notified of the revocation of permission until being told by officers that Mr. Broadwater wanted them off what he claimed

was his land. Ms. LaSota and her friends were not trespassing, as they did not willingly remain on the land after being informed that they no longer allowed on the land.

While Ms. LaSota and her friends were told they could leave, they were seized within the meaning of the Fourth Amendment at this point, as no reasonable person would believe they were free to leave or terminate the encounter with police. There were numerous, highly armed police officers surrounding them and their two trucks. The trucks were located off of a road in the middle of forested land. The only way out of the area was blocked by numerous law enforcement vehicles.

3. **Police Searched the GMC Box Truck and Ford 550XL Box Truck without a warrant.**

Warrantless entries, searches, and seizures are presumptively unreasonable. *United States v. Brown*, 701 F.3d 120, 126 (4th Cir. 2012). Although warrantless entries, searches and seizures are presumptively unreasonable, there are a few well-established exceptions to the search warrant requirement, including consent or "exigent circumstances" *Id.* Officers reporting to the scene on February 16, 2025 illegally opened the rear hatch and passenger door of the GMC Box truck, and the passenger door of the Ford 550XL box truck without a warrant, while forcing their occupants out at gunpoint. Once Ms. LaSota and her friends were removed from the vehicles and detained by law enforcement, other officers continued to search through their truck. At the time they conducted their search of the box trucks, they did not receive consent from Ms. LaSota or her friends, and there were no "exigent circumstances" which justified the search of those vehicles.

**4.     The Evidence Seized from the Illegal Stop, Search and Seizure Should be Suppressed**

If no exception to the warrant requirement applies to the facts of a case, "suppression of evidence obtained during illegal police conduct provides the usual remedy for Fourth Amendment violations," and courts should also "suppress evidence that is the indirect product of the illegal police activity" as fruit of the poisonous tree. *United States v. Oscar-Torres,* 507 F.3d 224, 227 (4th Cir. 2007); *see also Wong Sun v. United States,* 371 U.S. 471, 488 (1963). Suppression is a "judicially created remedy" designed to safeguard Fourth Amendment rights through deterrence. *United States v. McLamb,* 880 F.3d 685, 690 (4th Cir. 2018) (quoting *United States v. Leon*, 468 U.S. 897, 906 (1984)).

Ms. LaSota and her friends were illegally seized based on allegations of a crime – trespassing – that officers knew they did not commit. During their seizure, officers conducted illegal searches of their vehicles, where a rifle and a handgun were observed. Following this illegal search, Ms. LaSota and her friends were arrested and the box trucks they were traveling in were seized by the FBI. No exceptions exist that excuse the need for a warrant in this case. As such, all evidence seized as a result of this illegal search and seizure should be suppressed, including the subsequent search of the two box trucks, as fruit of the poisonous tree.

## CONCLUSION

The Court should suppress all evidence that was seized as a result of the illegal stop, search, and seizure which occurred on February 16, 2025.

Respectfully submitted,

_____/s/_____
Gary E. Proctor (Bar No. 27936)

_____/s/_____
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com
jennsmith0890@gmail.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2026, a copy of this motion was electronically filed with the Clerk of the Court and was served on all parties using CM/ECF system.

_____/s/_____
GARY E. PROCTOR