IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-25-00176 |
| JACK LASOTA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On December 17, 2025, the Court entered a Scheduling Order in this matter. (ECF No. 24.) That Order set in a motions hearing for March 12, 2026, and set trial to begin on May 4, 2026. (*Id.*) On February 27, 2026, Defendant Jack LaSota moved to continue the motions hearing and trial until after the conclusion of her[1] trial in a related case in Maryland state court. (ECF No. 44.) LaSota explained that, at her federal trial, she intends to call Michelle Zajko as a witness. (*Id.* at 3.) But Zajko is LaSota's co-defendant in the state trial. (*Id.*) Through her attorney, Zajko stated that she will testify on LaSota's behalf in the federal motions hearing and trial but only if the state trial of LaSota and Zajko proceeds first. (ECF No. 44-2.) The Court requested expedited briefing and heard the Motion on the record earlier today.

Upon consideration of the representations made at the hearing, the Court understands that the proffer from LaSota's counsel is that Zajko will exercise her Fifth Amendment right to remain silent if LaSota's federal trial proceeds before Zajko and LaSota's joint state trial, but that Zajko will testify (favorably to LaSota) during LaSota's federal trial if it is postponed until after the state

---

[1] The Indictment names Defendant as "Jack LaSota" and the Government uses male pronouns to refer to LaSota in its briefing. However, LaSota states that her name is "Ziz LaSota" and that she is a transgender woman who uses female pronouns. The Court refers to Defendant as "Jack LaSota" here to match the Indictment but will use female pronouns to refer to her, in accordance with her preference.

trial concludes.

The Court finds that the proffer lacks credibility given the objective facts and their implications for Zajko's interests. After the state trial concludes, Zajko, if convicted, will still have a powerful interest in not incriminating herself as that case proceeds through the appellate and post-conviction processes. And, an acquittal in state court would not extinguish Zajko's likely interest in taking the Fifth: she has also been charged in the District of Vermont with a federal weapons offense that relates to her association with LaSota. (ECF No. 49 at 5–6.) In Vermont, Zajko is not yet represented by counsel. But once she is, the Court has little doubt that Zajko will be encouraged not to incriminate herself through testimony during LaSota's federal trial. Thus, Zajko's contention that she will testify for LaSota if she can just wait to do so until after her own state court trial ends stands in such profound tension with her continuing and later interests in not incriminating herself, and with the advice that the Court expects she will receive from future counsel, that it lacks any credibility. Because there is little likelihood that Zajko would testify favorably for LaSota if the continuance were to be granted, the Court finds that LaSota's due process rights, to the extent they are implicated here, will not be violated if the trial proceeds as scheduled. It is LaSota's burden to show prejudice, and she has failed to convince the Court.

Finally, the Court addresses LaSota's argument that the law of severance is relevant to this determination. Even accepting that as true, the Court still rejects LaSota's request for a continuance. One of the factors a defendant must show to receive a severed trial is "the likelihood that the co-defendant would testify at a second trial and waive [her] Fifth Amendment privilege." *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). But "the requirement of a showing of willingness to testify if there is a severance is not met when that offer to testify is *further conditioned on the co-defendant's case being tried first.*" *Id.* (emphasis added). Yet, that is exactly

the condition that Zajko has demanded here. (ECF No. 44-2.) Thus, even if the Court found Zajko's statement credible, and that there was a likelihood that she would testify at a later trial (which it does not), and that principles outlined in severance law were applicable here, the Zajko proffer would still not suffice as grounds for a continuance.

Accordingly, it is ORDERED that LaSota's Motion to Continue the Motions Hearing and Trial (ECF No. 44) is DENIED.

Based on the representations by counsel at the hearing, the Court also finds that the motions hearing in this case should be extended to allow for additional testimony. Thus, it is further ORDERED that the motions hearing will take place on Thursday, March 12, 2026, from 10:00 a.m. until 12:30 p.m. and, if necessary, on Friday, March 13, 2026, from 10:00 am until 5:00 pm in Courtroom 5A.

DATED this **5** day of March, 2026.

BY THE COURT:

_____
James K. Bredar
United States District Judge