IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA　　　　*

v.　　　　　　　　　　　　　　　*　　Crim. No. JKB 25-0176

ZIZ LASOTA　　　　　　　　　　*

*　*　*　*　*　*　*　*　*　*　*　*　*　*

MOTION FOR PSYCHIATRIC
EXAMINATION FOR THE DETERMINATION OF MENTAL
COMPETENCY TO STAND TRIAL

The Defendant, Ziz LaSota, through counsel, Gary E. Proctor, hereby moves for a psychiatric examination for the determination of mental competency to stand trial, and in support of the motion alleges the following:

1.　The Government has charged Ms. LaSota with being a fugitive in possession of firearms and ammunition.

2.　Counsel believes there is reasonable cause to believe that the defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

3.　Counsel requests that this Court order that a psychiatric examination of the defendant be conducted and that a report be filed with the Court pursuant to the provisions of 18 U.S.C. § 4241(b).

4.　Dr. Michael O'Connell, Ph.D. ABPP-F visited with Ms. LaSota today March 11, 2026 at the Allegany County Detention Center with undersigned counsel. After Dr. O'Connell reviewed with Ms. LaSota the nature, purpose and likely uses of the evaluation, including limits of

1

confidentiality and voluntariness, Ms. LaSota declined to participate in the evaluation. Due to the fact that motions are scheduled for March 12 and 13, 2026, counsel is filing the instant motion at this time.[1]

5.  In determining competency, the Supreme Court has stated that the objective is to determine if a criminal defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). An erroneous determination of competence "threatens a 'fundamental component of our criminal justice system'—the basic fairness of the trial itself. *Cooper v. Oklahoma*, 517 US. 348, 364 (1996). "Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so." *Riggins v. Nevada*, 504 U.S. 127, 139-40, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) (Kennedy, J., concurring in the judgment). Even more succinctly, "the criminal trial of an incompetent defendant violates due process." *Medina v. California*, 505 U.S. 437, 453, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992).

---

[1] The Court might reasonably ask why counsel waited until the day before to have Ms. LaSota evaluated by an expert. There are two (2) answers to that. Firstly, competency is fluid and concerns have arisen relatively recently. Secondly, the undersigned requested permission from Administrative Staff of the Allegany County Detention Center on February 27, 2026 for Dr. O'Connell to visit on either March 5 or March 6, 2026. Personnel at the jail stated that that they were unwilling to accommodate the request, due to scheduling conflicts with the visiting space. In any event, counsel exited the jail at 1 PM today, so this motion was filed as expeditiously as possible.

6. "Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial" *Drope*, 420 U.S. at 181 (finding that an action such as a suicide attempt was sufficient to reevaluate defendant's competency).

7. When considering whether to reevaluate competency, "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial" should be considered. *Drope*, 420 U.S. at 180.

8. Defense Counsel requests that the examination be conducted pursuant to 18 U.S.C. § 4247(b) and (c). Given that Ms. LaSota is in state custody, counsel submits that the Court should order than any examination be conducted at Defendant's place of confinement. Counsel agrees that any time spent conducting and adjudicating said examination is excludable under 18 U.S.C. § 3161(h)(1)(A).

WHEREFORE, it is requested that this Honorable Court grant an order providing for a psychiatric examination to determine mental competency to stand trial.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Bar Roll Number 27936
Law Offices of Gary E. Proctor, LLC
233 E. Redwood St., Ste 1000C
Baltimore, Maryland 21202
Tel:   410.444.1500
Fax:   443.836.9162

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March 2026, a copy of the foregoing Motion for Psychiatric Examination for the Determination of Mental Competency to Stand Trial was served on counsel of record via ECF.

/s/
GARY E. PROCTOR