**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Crim. No.: JKB-25-176** |
| **ZIZ LASOTA** | * | |

* * * * * * * * * * * * *

**<u>DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE</u>**

Comes Now Defendant, Ziz LaSota, by and through undersigned counsel, and submits the following in support of setting conditions of release in the above matter:

**1. Background.**

On June18, 2025, Ms. LaSota was charged with Possession of Firearms and Ammunition by a Fugitive from Justice in violation of 18 U.S.C. §922(g)(2) and a forfeiture allegation. At that time, Ms. LaSota was in the primary custody of the State of Maryland for state firearm charges arising out of the same February 16, 2025 search, seizure of evidence, and arrest in Allegany County, Maryland that is the subject of this case. Ms. LaSota has been in custody since her arrest on February 16, 2025, a term of pretrial detention of approximately 20 months.

The State of Maryland entered a *stet* disposition on August 14, 2026. Thereafter, Ms. LaSota was transferred from Allegany County Detention Center to FDC Philadelphia where she is being held solely on the federal charges. Ms. LaSota was held without bond on the state charges and thus, when she first appeared in this court on November 24, 2025. An Order of Detention by Agreement was filed at *ECF 14.*

Following a conference call on October 13, 2025, a trial date has been set for March 8, 2027. Should Ms. LaSota remain in custody until the conclusion of the estimated trial, March 18, 2027, she would be held in pretrial detention for just over 25 months in prison.

**2. 18 U.S.C. §3142 favors release of Ms. LaSota on pretrial supervision pending trial.**

The Bail Reform Act of 1984 contains a presumption of release on personal recognizance without conditions unless this Court finds there are no conditions of release that would reasonably assure that Ms. LaSota will return to court and that she will not pose a danger to the community while on pretrial release. 18 U.S.C. §3142(a) and (b). In the event such a finding is made, the statute directs that this Court shall order the release of the person subject to the "least restrictive" further conditions to "reasonably assure the appearance of the person and the safety of any other person and the community. 18 U.S.C. §3142(c)(1).

At this stage, the presumption of release weighs in favor of the release of Ms. LaSota on personal recognizance. The allegation is not a crime of violence or a serious drug offense. The allegation is that Ms. LaSota and others possessed firearms and ammunition at a time when Ms. LaSota is alleged to have failed to appear for trial in a pending Pennsylvania misdemeanor resisting arrest charge.

Even if this Court should find that there are concerns regarding whether Ms. LaSota will return to court or concerns regarding the safety of the community should she be released, there are conditions of release that will reasonably assure her appearance in court and the safety of the community. Such conditions and circumstances include the following:

a. Ms. LaSota has served more time in prison pretrial than the likelihood of the

imposition of additional jail time upon conviction. A calculation of her advisory sentencing guidelines is estimated to be Criminal Offense Level 14 and Criminal History Category I. Thus, should there be a guilty plea resolution, her range would be 8 months to 14 months. Should she be convicted at trial, the calculation is 15 months to 21 months. As noted above, Ms. LaSota has served approximately 20 months in state and federal custody. The likelihood of failing to appear for court appearances is deeply diminished when the risk of possible additional incarceration is low. Personal recognizance or, if found to be necessary, electronic monitoring will address any concerns regarding appearance in court. These circumstances mean that her pretrial incarceration has become and will continue to be punitive, thus raising concerns that the detention violates her presumption of innocence, speedy trial rights, and due process.

b. Ms. LaSota's family are involved and concerned, but live in Fairbanks, Alaska. Pretrial Release to her parents may be an option, but certainly not one that is optimal for transport to and from court. Nevertheless, a condition of release that requires her to live with her parents is an option that is preferable than continued detention.

c. Ms. LaSota has a friend, Daniel Blank, who lives in Maryland and will agree to take Ms. LaSota in and be a third-party custodian.[1] Mr. Blank has no prior record and is believed to be a suitable third-party custodian.

d. Ms. LaSota can be monitored with electronic monitoring to ensure she appears at trial. Such monitoring can place restriction on her travel and her place of abode to ensure she is not a danger to the community. Ms. LaSota has no prior criminal record and thus, there is no risk

[1] The specific address is known to counsel and will be shared with Pretrial Services and the government.

that she is a danger to the community based upon her past conduct. The charges here did not involve anything but the possession of weapons and ammunition. There are no allegations the weapons were used at any time. Ms. LaSota was placed under arrest without incident. The underlying Pennsylvania case alleges resisting arrest. The alleged facts are that police entered a hotel room looking for another individual and encountered Ms. LaSota. She was placed under arrest and simple lay completely still as if she were sleeping and unresponsive to police efforts to move her to the police station. This event also characterizes the lack of violent conduct in her history that supports that there is little risk of future danger in the community.

e. Ms. LaSota can be required to check in with Pretrial Services to further ensure she will be in court when required and is not a risk of danger to the community.

**3. Ms. LaSota's detention to date and the prospect of additional custody to the estimated conclusion of trial violates her Due Process rights under the Fifth Amendment and 8th Amendment.**

The Supreme Court has affirmed the Bail Reform Act over a Due Process challenge to presumption based detention hearings by explaining that hearings would be held only under limited circumstances set out in §3142(f). *United States v. Salerno,* 481 Sup.Ct. 739 (1987). While the government has not been required to date to specify if there is a basis for detention, it is believed that this case does not fall under the statutory sections of §3142(e)(2) or (3). The Supreme Court explained the Due Process challenges relating to a presumption case pursuant to §3142(f) as follows:

> The Due Process Clause of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." This Court has held that the Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," *Rochin v. California*, 342 U.S. 165, 342 U.S. 172 (1952), or interferes with rights "implicit in the concept of ordered liberty," *Palko v. Connecticut,*

> 302 U.S. 319, 302 U.S. 325-326 (1937). When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. *Mathews v. Eldridge,* 424 U.S. 319, 424 U.S. 335 (1976). This requirement has traditionally been referred to as "procedural" due process.

*Id.,* 481 Sup.Ct. 739, 746 (1987). Ms. LaSota's detention, given the circumstances listed above relating to the anticipated length of pretrial detention, violates procedural due process. The deprivation of her liberty interferes with the concept of ordered liberty. *Salerno* did not address the Bail Reform Act's presumption of release when, as in this case, there is no presumption of detention under §3142(e)(2) or (3). Ms. LaSota's deprivation of liberty beyond the period of anticipated punishment upon conviction "shocks the conscience" and interferes with the rights "implicit in the concept of ordered liberty". As such, her substantive due process rights are violated in addition to procedural due process rights.

Ms. LaSota's detention also violates the Excessive Bail Clause of the 8th Amendment. In discussing the 8th Amendment challenge in *Salerno,* the Supreme Court noted:

> The only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or *detention not be "excessive" in light of the perceived evil.* Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response. Thus, when the Government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal, and no more. *Stack v. Boyle, supra.*

*Salerno*, 481 U.S. 754*, emphasis supplied*. *Salerno* acknowledges that pretrial detention violates Due Process when and if it becomes punitive, rather than a recognized government interest in ensuring one comes to court or protecting the safety of the community. At least one district court has released a defendant in this Circuit when the government lost a suppression motion and appealed. The government had very little evidence to convict without the suppressed evidence. The Southern District of West Virginia noted the following:

> However, it would be a dangerous precedent to allow the government to violate a defendant's constitutional protections to obtain evidence and then use the appeal process to extend a defendant's pretrial detention—*for a term approaching a criminal sentence*—when the likelihood of conviction is weak. For these reasons, the weight of the evidence favors release.

*United States v. Wilder,* 797 F. Supp. 3d 642 (USDC, S. Dist. WVA 2025), *emphasis supplied.*

Punitive conditions of pretrial release can take other forms besides that of the length of the term. Ms. LaSota identifies as female but has been housed in male housing for the total of her incarceration. In her fairly short time at FDC Philadelphia, she has been attacked on two occasions. She has incurred harassment from guards and other inmates; has been the victim of numerous thefts; and has endured periods of time when the facilities fail to provide vegan food – a necessity not only for her health, but for her religious tenants. Moreover, Ms. LaSota's legal documents and access to the law library have been suspended while she is housed in the Special Housing Unit. Thus, Ms. LaSota suffers disparate treatment in pretrial custody that contributes to the loss of her due process rights.

There are conditions of release that can be imposed to reasonably ensure that Ms. LaSota returns to court and is not a risk to the safety of another and the community.

Respectfully submitted,

-s-

______________________________

Teresa Whalen, Fed. Bar # 25245
Law Office of Teresa Whalen
801 Wayne Ave., Ste. 205
Silver Spring, MD 20910
301-728-2905